UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY CHAPPELL, an individual; ERA CHAPPELL & ASSOCIATES REALTY, LLC, a Tennessee limited liability company,<br><br>       Plaintiff,<br><br>    -against-<br><br>BANK OF AMERICA, N.A., a national association; J.P. MORGAN CHASE & COMPANY, N.A., a national association; THE PNC FINANCIAL SERVICES GROUP, INC dba PNC Bank, N.A., a national association; WELLS FARGO BANK, N.A., a national association; TRUIST BANK formerly SUNTRUST BANK, N.A., a national association; and SANTANDER BANK UK PLC, an international bank,<br><br>       Defendants. | 24-CV-7056 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

  On September 18, 2024, Plaintiff filed the Complaint with the Court. ECF No.1 Defendant Santander Bank UK ("Santander") was served with the Complaint, and proof of service was filed with the Court. ECF No. 28. On November 4, 2024, a Clerk's Certificate of Default was entered against Santander. ECF No. 42. On November 13, 2024, Plaintiff filed a motion for default judgment. ECF No. 52. On December 17, 2024, Santander appeared for the first time, requesting an extension of time to respond to the Second Amended Complaint and explaining that it had not been served with process. ECF No. 83. Plaintiff maintains that default judgment should be entered against Santander. ECF No. 90.

  The Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Because Rule 55(c) does not define the term 'good cause,' the Second Circuit has established three criteria that must be assessed in order to decide whether to relieve a party from default or

from a default judgment. These criteria are: (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (internal quotation marks, citations, and alterations omitted).

All three Rule 55(c) factors cut in favor of setting aside the entry of default in this case. First, "willfulness,' in the context of a default . . . , refer[s] to conduct that is more than merely negligent or careless," but is instead "egregious and . . . not satisfactorily explained." *Id.* (internal quotation marks omitted). Santander has explained that it did not receive service, because Plaintiff served the First Amended Complaint on a person in the Long Island office of Santander Bank, N.A.—a different entity from Santander Bank UK. ECF No. 105 at 6. Santander also asserts that after being aware of the purported service, Santander promptly retained counsel and appeared. *Id.* at 7.

Second, Santander is not required to present "evidence sufficient to establish a complete defense" to overcome default; it is enough that Santander has offered plausible defenses in their motion to dismiss. *See Bricklayers*, 779 F.3d at 187; ECF No. 112.

Third, while this default judgment process has caused some delay in this litigation, "[d]elay alone is not a sufficient basis for establishing prejudice." *Swarna v. Al-Awadi*, 622 F.3d 123, 143 (2d Cir. 2010) (internal quotation marks omitted). There is no evidence that "that delay will result in the loss of evidence . . . or provide greater opportunity for fraud and collusion," *see id.* (internal quotation marks omitted), or really of any specific prejudice at all.

Accordingly, the Court finds there is good cause to set aside the default and that the motion for default judgment is DENIED. To address the dispute at ECF Nos. 96 and 97, and for avoidance of doubt, the Second Amended Complaint is the operative Complaint against

Santander and the caption shall be updated to so reflect. Plaintiff is directed to refile the Second Amended Complaint with an appropriate caption. It appears that Plaintiff has responded at least in part to Santander's cross-motion for dismissal, which also operated as a response to Plaintiff's default motion. ECF No. 116. If Plaintiff wishes to address the remainder of Santander's motion to dismiss at ECF No. 105, Plaintiff shall do so in the omnibus opposition permitted at ECF No. 114 or else propose a reasonably efficient briefing schedule by January 30, 2025.

    The Clerk of Court is directed to terminate ECF Nos. 49, 55, 65, 67, 73, and 83.

Dated: January 27, 2025
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge