UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

LARRY CHAPPELL, an individual; ERA   :
CHAPPELL & ASSOCIATES REALTY, LLC, a :
Tennessee limited liability company,    :
                :
      Plaintiffs,    : Case No. 1:24-cv-07056 (JGLC)
                :
   -against-       :
                :
BANK OF AMERICA, N.A., a national association; :
J.P. MORGAN CHASE & COMPANY, N.A., a  :
national association; WELLS FARGO BANK, N.A., :
a national association; THE PNC FINANCIAL  :
SERVICES GROUP, INC., dba PNC BANK, N.A., :
a national association; TRUIST BANK formerly  :
SUNTRUST BANK, N.A., a national association; :
and SANTANDER BANK UK, an international  :
bank,               :
                :
      Defendants.   :
                :

------------------------------------------------------------ X

## STIPULATED ~~[AND PROPOSED]~~ PROTECTIVE ORDER

   Pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(e),

Plaintiffs, Larry Chappell and ERA Chappell & Associates Realty, LLC ("Plaintiffs"), and

Defendants, Bank of America, N.A.; JPMorgan Chase Bank, N.A. (erroneously sued as "J.P.

Morgan Chase & Company, N.A."); PNC Bank, N.A.; Wells Fargo Bank, N.A.; Truist Bank; and

Santander UK plc (erroneously sued as "Santander Bank UK") ("Defendants," and together with

Plaintiffs, the "Parties"), through their respective attorneys, hereby jointly request that the Court

enter the following stipulated Protective Order ("Order") in the above-captioned case ("Action")

to govern: (i) the exchange of discovery material by the Parties or by third parties; (ii) the use or

exhibition of information, documents, and things exchanged in discovery; (iii) testimony

containing confidential or otherwise proprietary research, development, technical, financial, strategic, competitive, customer, or commercial information, and other kinds of commercially sensitive information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G); and (iv) the non-waiver of information subject to attorney-client privilege, work product protection, or other privileges or protections from, or prohibitions against, disclosure.

The Parties agree that the disclosure of such information poses a substantial risk of harm to the legitimate proprietary interests of the Parties and non-parties to this Action. Therefore, good cause exists for entry of this Order to preserve the confidentiality of certain documents and information, to outline procedures for and reasonable restrictions on disclosure of such documents and information, and to permit discovery to proceed without delay. The Parties further agree good cause exists for entry of this Order to protect the Parties to the Action, to the fullest extent permissible by law, against any waiver of any applicable privilege, protection, or prohibition against disclosure in this or any other proceeding (whether state, federal, arbitral, or otherwise) that might otherwise arise from the disclosure, production, or exchange of documents or information in this Action, and to outline procedures for handling the clawback of documents or information subject to any applicable privilege, protection from disclosure, or prohibition against disclosure.

Accordingly, the Parties stipulate to the following terms and submit the same as a Proposed Order for the Court's consideration, which, if entered as a Court Order shall control: (i) the disclosure, dissemination, and use of confidential or proprietary information in this Action; and (ii) the clawback of information subject to any applicable privilege, protection from disclosure, or prohibition against disclosure, which shall be deemed a non-waiver of such privilege, protection, or prohibition:

## PROTECTION OF CONFIDENTIAL INFORMATION

This Order shall govern confidential or proprietary information and material disclosed during discovery in this Action, including, but not limited to, documents, things, requests, and responses to requests for production of documents and things, interrogatories and interrogatory answers, deposition testimony, requests and answers to requests for admissions, expert reports, requests and responses to discovery demands, communications among the Parties, as well as any copies, notes, abstracts, or summaries of such information ("Material"). The provisions of this Order shall not affect, and this Order does not limit, the use or admissibility of such Material or references to such Material at trial, during any hearing or proceeding in this Action, or as part of the record on appeal. However, any Party may seek an appropriate Court Order to protect such Material.

1.     Except with the prior written consent of the producing Party ("Producing Party"), any Material that the Producing Party designates as CONFIDENTIAL shall not be disclosed to any person or used for any purpose except as expressly permitted in this Order. The Producing Party may designate as "CONFIDENTIAL" any Material that it produces in this Action which contains confidential, non-public financial, sales, marketing, customer or cost/pricing information, and confidential and proprietary internal business, strategic planning, or tactical information, as well as any other information or record that the Producing Party believes in good faith must or may be protected from disclosure in accordance with the Federal Rules of Civil Procedure or other applicable law, including but not limited documents and information relating to non-parties' financial or banking activity (collectively "Confidential Material").

2.     The Parties submit that the following categories of information that may be discovered under this Order may qualify as trade secrets or some other properly demarcated

category of legitimately confidential information and accordingly may be Confidential Material, regardless of the form such information may take, including, but not limited to, documents, things, requests and responses to requests for production of documents, interrogatories and interrogatory answers, deposition testimony and questioning, requests and answers to requests for admissions, expert reports, requests and responses to discovery demands, communications among the Parties, as well as any copies, notes, abstracts, or summaries of such information, whether produced informally or in response to requests for production of documents or things, interrogatories, requests for admissions, or other formal methods of discovery:

- policies, procedures, guidelines, and other material not ordinarily available to the public, which have been developed or maintained by the Parties;

- financial data;

- medical data and records;

- confidential business information; or

- identities and lists of non-party customers and employees.

3.      If discovery is sought from a non-party to this Action, the words "party" and "parties" herein shall be read to include that non-party once that non-party informs the Parties in writing that it is invoking the terms of this Order. Any such non-party shall have all the same rights and responsibilities as Parties under this Order, including but not limited to responsibilities with respect to any Confidential Material that it receives. Additionally, any such non-party shall have standing to appear in this Action to file motions and oppose motions, as necessary, to protect such non-party's rights in its own Confidential Material.

4.      Each Party bound by the terms of this Order shall use material designated CONFIDENTIAL by any Party other than itself solely for the purpose of this Action, and not for

any other purpose whatsoever. The receiving Party shall not make any copies, duplicates, extracts, summaries, or descriptions of Confidential Material except for use in the litigation of this Action. This Order shall be fully applicable to all such copies, duplicates, extracts, summaries, or descriptions of Confidential Material.

5.      Confidential Material that is produced by a Party shall be clearly marked or stamped with the legend "CONFIDENTIAL". The label shall not obscure or make the contents of any portion of a document or information to which it is affixed unreadable or undecipherable. Such legend shall be placed on every page of a multi-page document. Such legend need not be placed on the original document of the Producing Party but instead may be placed upon copies produced or exchanged. Subject to the exceptions set forth below, as to each document or portion so marked, the receiving Party shall not disclose such document or portion or the contents thereof to others unless by specific order of this Court or by written consent of the producing Party. All Confidential Material not reduced to documentary or tangible form or which cannot be conveniently designated in the manner set forth above, such as models or electronic files, shall be designated by the Producing Party by informing the receiving party in writing or by so labeling the media on which electronic files are produced.

6.      Interrogatories or the answers thereto, requests for admissions or the responses thereto, requests for production or the responses thereto, motions, briefs, memoranda, correspondence, and other documents prepared, produced, served, or filed in connection with this Action, or portions of the foregoing, containing, quoting, or referring to the substance of Confidential Material may be similarly designated or treated as CONFIDENTIAL under this Order.

7.      All or part of any oral or written deposition testimony may be designated CONFIDENTIAL either (a) at the time the testimony is given, or (b) within ten (10) days following receipt of a transcript by written notice to the court reporter, with a copy of the notice to counsel for each Party to the Action (and, if such counsel exists, counsel for the deponent) of the specific pages and lines of the transcript that contain Confidential Material. Such written notice shall then be attached by the receiving Party or the reporter to the transcript and each copy thereof in its possession, custody, or control. All deposition transcripts shall be treated as CONFIDENTIAL in their entirety until ten (10) business days following receipt of the transcript unless receipt of confidentiality designations is received earlier. Deposition exhibits previously designated need not be re-designated to retain their status as Confidential Material. Counsel for any Producing Party shall have the right to exclude from depositions any person who is not authorized by the Order to receive Confidential Material, but only during periods of examination or testimony directed to or comprising Confidential Material.

8.      If the Producing Party elects to produce Confidential Material for inspection, as opposed to, for example, delivering documents or things, no marking need be made by the Producing Party in advance of the inspection if the producing party otherwise informs the receiving party of its intention to so designate the produced material, and all information produced for inspection shall be treated as CONFIDENTIAL during the inspection. Thereafter, upon selection by the inspecting party of specified documents or things for copying, the copies of such documents that contain Confidential Material shall be marked appropriately.

9.      Absent written consent from the Producing Party or unless otherwise directed by the Court, Confidential Material may be disclosed only to the following persons:

a. the Parties, as well as both past and present officers, directors, and other employees of the Parties or their respective affiliates, but only to the extent that counsel determines in good faith that the officer's, director's, or employee's assistance is reasonably necessary to litigate this Action;

b. during or in preparation for depositions, other witnesses in this Action to whom disclosure is reasonably necessary, provided that they may only receive a copy of documents containing Confidential Material during or in preparation for the deposition and for the purpose of reviewing their transcript, but may not retain a copy;

c. the Parties' respective counsel and other members of said counsel's respective law firms, clerical, paralegal, and secretarial staff regularly employed by such counsel, direct staff of, and any contract support personnel employed or retained by such counsel, and in-house counsel who are actively involved in assisting with the prosecution or defense of this Action;

d. experts or consultants who are not regular employees of a Party but are retained on behalf of any Party (or a Party's counsel) to assist in any facet of the Action, provided that they execute Attachment A to this Order;

e. outside photocopying, graphic production services or litigation support services employed by any Party or his or its respective counsel to assist in this Action, or computer service personnel performing duties in relation to a computerized litigation system, provided that they execute Attachment A to this Order;

7

f.     the Court, court reporters, videographers, stenographers, and court personnel, including but not limited to special masters or discovery referees appointed by the Court.

g.     the direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the litigation of this Action; and

h.     the author or recipient of a document constituting Confidential Material.

10.     No disclosure of Confidential Material shall be made by any person authorized to have access thereto under this Order to any person who is not so-authorized. The Parties shall safeguard all Confidential Material to protect against disclosure to any unauthorized persons or entities.

11.     Should any receiving Party file any Confidential Material with the Court, that Party must file a separate and specific motion seeking to file such material under seal pursuant to the Federal Rules of Civil Procedure, Local Civil Rules, Individual Rules and Practices in Civil Cases of the Honorable Judge Jessica G.L. Clarke, United States District Court for the Southern District of New York or, if applicable, the rules of any Judge who may in the future preside over this Action ("Judge's Rules").

12.     The Parties shall limit their CONFIDENTIAL designations solely to documents and information that they in good faith believe to fall within the scope of this Order. No receiving Party shall be under any obligation to object to the designation of any document or information at the time such designation is made or at any time thereafter. Further, no party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

13.     A designation of Confidential Material may be made at any time as to materials produced during the Action. The inadvertent, mistaken, or unintentional disclosure ("Inadvertent/Mistaken Disclosure") by a Producing Party of Confidential Material without having so designated the material shall not be deemed a waiver in whole or in part of Producing Party's claim of confidentiality if written notice is given to the receiving Party promptly after the Producing Party's discovery of the Inadvertent/Mistaken Disclosure or non-designation. Within five (5) business days of providing such written notice of the Inadvertent/Mistaken Disclosure or non-designation, the Producing Party shall re-produce appropriately designated materials, and the material that was inadvertently/mistakenly disclosed or non-designated and all copies thereof shall be immediately returned to the producing party or destroyed. Upon receipt of written notice of Inadvertent/Mistaken Disclosure or non-designation under this paragraph, the receiving party shall exercise all reasonable efforts to retrieve or limit disclosure of the Confidential Material to persons not authorized to receive such materials under this Order.

14.     Should any Confidential Material be disclosed through Inadvertent/Mistaken Disclosure by the receiving party to any person not entitled to receive it, there shall be no waiver or loss of confidentiality. The inadvertently/mistakenly disclosing Party shall immediately inform counsel for the Producing Party of the Inadvertent/Mistaken Disclosure. The inadvertently/mistakenly disclosing Party shall also exercise all reasonable efforts to retrieve any such Confidential Material and ensure that no further or greater unauthorized or Inadvertent/Mistaken Disclosure or use thereof is made.

15.     A Party may object to the designation of particular "CONFIDENTIAL" documents or information by giving written notice to the Producing Party. Such written notice shall identify the documents or information to which the objection is made. If the Parties cannot resolve the

objection in good faith, a Party may file an appropriate motion in accordance with the Federal Rules of Civil Procedure, Local Civil Rules, and Judge's Individual Practice Rules, requesting that the Court determine whether the disputed document or information should be subject to the terms of this Order. If such a motion is filed, the disputed information shall be treated as Confidential Material under the terms of this Order until the Court rules on the motion.

16.    The restrictions set forth in this Order regarding the protection of Confidential Material shall not apply or shall cease to apply to any material or information that:

    a.    at the time of disclosure hereunder, was already lawfully in the possession of the receiving Party and was not acquired from anyone under an obligation of confidence to the Producing Party;

    b.    after disclosure hereunder, is acquired by the receiving Party from another source that possessed such material or information lawfully and had no obligation of confidence to the Producing Party;

    c.    after disclosure hereunder, is disclosed to a third party by the Producing Party without a designation or corresponding obligation of confidentiality;

    d.    prior to disclosure was available to the public, or subsequent to disclosure has become available to the public through no fault of the receiving Party; and

    e.    is used or admitted in open court without objection; however, with respect only to this exception, Confidential Material will not be deemed "used or admitted in open court without objection" unless or until the deadline to file a notice of intent to request redaction of any Court transcript lapses without such notice of intent having been filed.

17.     Nothing contained in this Order shall be construed to require production of Confidential Material deemed to be privileged or otherwise protected from discovery.

18.     Nothing contained in this Order shall be construed to require production of material the disclosure of which would breach an express or implied agreement by the disclosing party with a third party to maintain such information in confidence, but such withheld materials will be properly identified by disclosing party on a privilege log.

19.     Nothing contained in this Order shall prevent disclosure beyond the terms of this Order if the party designating the material CONFIDENTIAL consents to such disclosure or if the Court orders such disclosure.

20.     At the conclusion of this Action, including any appeals, the originals and all copies of Confidential Material, including electronic copies and including those provided to outside experts and other third parties, but excluding those provided to the Court, shall be returned to the Producing Party or destroyed, at the election of the Producing Party, except that the Parties nor the Court shall be obliged to return or destroy any materials or any photocopies thereof that were: (a) admitted into evidence at trial or at any hearing; or (b) incorporated, as an exhibit, appendix, or otherwise, as part of a document filed with or submitted to the Court. To the extent the communication or information in question may exist on any computer or back-up media which cannot be reasonably deleted, it may be retained until such time as the media is subject to routine deletion or destruction, provided that no person attempts to access the contents of the communication or information unless allowed under the terms of this Order. Notwithstanding this provision, counsel shall be entitled, without violating this Order, to retain archival copies of pleadings, affidavits, declarations, motions, briefs, expert reports, correspondence (including email and internal correspondence), any other papers or materials filed with the Court, deposition

transcripts, the trial record, and attorney work product (regardless of whether such materials contain or reference information designated CONFIDENTIAL), and any attachments or exhibits to any such categories of documents, so long as the materials are governed by this Order. Written certification of compliance with these post-conclusion requirements shall be provided to the producing party not later than sixty (60) days after final termination of this Action. Any Party's failure to provide such post-conclusion certification of compliance may be relied upon by the Producing Party as such certification.

21.    The terms of this Order shall survive the final termination of this Action to the extent that any Confidential Material is not or does not become publicly available.

22.    This Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors and other persons or organizations over which they have control.

23.    Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to the attorney's party-client with respect to this Action, and in the course thereof, relying upon an examination of material designated CONFIDENTIAL, provided that, however, in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose any material designated CONFIDENTIAL or the substance of such material to anyone not authorized by this Order to receive such material.

24.    This Order is not intended to govern the use of material designated CONFIDENTIAL at the trial of this Action. Procedures governing the use of material designated CONFIDENTIAL at trial will, if necessary, be established by separate order, pursuant to application to the Court by one or more of the Parties, after the Parties have met and conferred

in a good faith attempt to reach agreement on the terms of such an order. Nothing in this Order shall preclude any party from moving the Court to seal the courtroom, trial exhibits, or trial transcript in order to preserve the confidential nature of any material designated as CONFIDENTIAL.

25.    This Order may be amended by further order of the Court and is without prejudice to the rights of any party to move for relief from any of its provisions or to seek or agree to different or additional protection for any particular material or information.

26.    If another court or an administrative agency subpoenas or orders production of material designated CONFIDENTIAL that a party has obtained under this Order, such party shall, to the extent not prohibited by law, give written notice by email within two business days of the receipt of such subpoena or demand to undersigned counsel for the Party or Parties that produced and/or designated the Confidential Material and (b) shall, to the extent not prohibited by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved, if the Party that produced the Confidential Material takes prompt action to resolve the dispute either voluntarily or through court proceedings if necessary.

27.    To the extent a Party is required by any law, regulation, or other authority to produce Confidential Material, such Party shall promptly notify the Producing Party of the legal requirement of disclosure.

28.    Nothing in this Order shall prevent disclosures beyond the terms of this Order by any Party compelled to disclose Confidential Material to any state or federal regulatory agency. Said disclosure shall be made after reasonable notice and leave of court.

29.    Each person or entity who receives any material designated CONFIDENTIAL agrees to be subjected to the jurisdiction of this Court for the purpose of any proceedings relating

to the performance under, compliance with, or violation of this Order. This provision will not waive or be considered relevant to the subject matter and personal jurisdiction defenses raised by any defendant.

30.     This Order has no effect upon, and shall not apply to, the Parties' use of their own Confidential Material for any purpose.

## NON-WAIVER OF PRIVILEGE AND OTHER PROTECTIONS

31.     Pursuant to Fed. R. Evid. 502(d), the disclosure or production of a communication or information protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity that is made in connection with this Action shall not constitute a waiver of any claim of attorney-client privilege, work product protection, or other privilege or immunity available with respect to that communication or information in this or any other federal or state proceeding under any circumstances. This Order applies regardless of whether the communication or information disclosed or produced describes or relates to this Action.

32.     A receiving party is under a good faith obligation to alert a Producing Party if a communication or information is disclosed or produced by the Producing Party that appears to be protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity on its face or in light of facts known to the receiving party.

33.     To effectuate a clawback, upon learning of the production of privileged or otherwise protected communications or information, the Producing Party who made the disclosure shall send written notice of the production to all receiving parties. The Producing Party need not provide any explanation or evidence regarding the reasonableness of the efforts taken to prevent production, and the receiving parties agree not to challenge the reasonableness of such efforts. The notice shall identify the communication or information that was produced (including the format

14

of the production—e.g., paper, electronically stored information) and the date(s) of production. If the Producing Party claims that only a portion of the communication or information is protected, the Producing Party shall provide a new copy of the communication or information with the allegedly privileged or protected portions redacted.

34.    Within seven (7) business days of sending the written notice, the Producing Party also shall provide the receiving parties with a log of documents withheld via privilege.

35.    Upon determination that a communication or information received is privileged or protected in whole or in part, or upon receipt of notice from the Producing Party that a privileged or protected communication or information has been disclosed or produced, a receiving party must promptly: (a) return or destroy the original and all copies, including any electronic copies, of the protected communication or information; (b) destroy all notes or other work product reflecting or referring to the content of such material; and (c) certify in writing that the receiving party has complied with this section. To the extent the communication or information in question may exist on any computer or back-up media which cannot be reasonably deleted, it may be retained until such time as the media is subject to routine deletion or destruction, provided that no person attempts to access the contents of the communication or information unless allowed under the terms of this Order. If a receiving party used, shared, or disclosed the communication or information prior to notification, it must take reasonable steps to retrieve and prevent further use or distribution of the communication or information. This duty expires only if this Court rules that the communication or information is not privileged or protected.

36.    If a receiving party contests the claim of privilege or other protection in good faith, then within fourteen (14) business days of receiving the Producing Party's notice, it may move for a ruling that the communication or information is not protected by the attorney-client

privilege, work product protection and/or other privilege or immunity. Pending resolution of said motion, a receiving party may retain a single copy of the communication or information subject to the motion in a secure location, but it may not be used, shared or disclosed in any way prior to the Court's resolution of the motion, except among counsel for use as to the motion. If the Court denies the motion contesting the claim of privilege or other protection, then within seven (7) business days of the Court's Order, the receiving party must promptly (a) return or destroy the original and all copies, including any electronic copies, of the protected communication or information; (b) destroy all notes or other work product reflecting or referring to the content of such material; and (c) certify in writing that the receiving party has complied with this section.

37.     Nothing in this Order shall be construed to limit a Party's right to conduct a review of documents or information (including metadata) for relevance and responsiveness or require the production of any communication or information that a party contends is covered by the attorney-client privilege or the work product protection.

## TERMINATION OF LITIGATION

38.     At the conclusion of this litigation, all parties agree to return, destroy, and not use any documents produced, discovery and information exchanged, and testimony and agree that such items of discovery shall be maintained confidential after the litigation concludes by settlement or final order. No parties will disclose the content of Confidential Material for any reason or purpose.

39.     Until such time as this Order has been entered by the Court, the Parties agree that, upon execution by the Parties, it will be treated as though it had been "So Ordered."

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

### WILLIAMS LLP

**BY:** */s/ T. Edward Williams*
T. Edward Williams
45 Rockefeller Plaza 20th FL.
New York, New York 10111
212.417.0430 (Main)
212.417.0431 (Direct)
212.417.0433 (Fax)
edward@williamsllp.com

*Attorney for Plaintiffs*

DATED:      4/15/2025

### MCGUIREWOODS LLP

**BY:** */s/ Shan P. Massand*
Shan P. Massand
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Phone: 212.548.2100
Fax: 212.715.2314
smassand@mcguirewoods.com

*Attorneys for Defendant Bank of America, N.A.*

DATED:      4/15/2025

**GREENBERG TRAURIG, LLP**

**BY:**   */s/ Ashley A. LeBlanc*
Ashley A. LeBlanc
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-2285
leblanca@gtlaw.com

*Attorney for Defendant JPMorgan Chase Bank, N.A.*

DATED:      4/15/2025

**TROUTMAN PEPPER LOCKE LLP**

**BY:**   */s/ Heryka R. Knoespel*
Nicholas A. Verderame (Pro Hac Vice)
301 South College Street, Suite 3400
Charlotte, NC 28202
704.998.4050
Nicholas.Verderame@troutman.com

Heryka R. Knoespel (Pro Hac Vice)
301 South College Street, Suite 3400
Charlotte, NC 28202
704.998.4050
Heryka.Knoespel@troutman.com

Rachelle Pointdujour
875 Third Avenue
New York, NY 10022
212.704.6450
Rachelle.Pointdujour@troutman.com

*Attorneys for Defendant PNC Bank, N.A.*

DATED:      4/15/2025

**MCGUIREWOODS LLP**

**BY:**   */s/ Aaron F. Jaroff*
Aaron F. Jaroff
1251 Avenue of the Americas, 20th Floor
New York, NY 10020
Tel: (212) 548-2133
ajaroff@mcguirewoods.com

Jarrod D. Shaw (*pro hac vice motion forthcoming*)
Megan D. Price (*pro hac vice motion forthcoming*)
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Tel: (412) 667-6000
jshaw@mcguirewoods.com
mprice@mcguirewoods.com

*Attorneys for Defendant*
*Wells Fargo Bank, N.A.*

DATED:   4/15/2025

**REED SMITH LLP**

**By:**   */s/ Casey J. Olbrantz*
    *Casey D. Laffey*
    599 Lexington Avenue
    New York, New York 10022
    212.549.0460
    claffey@reedsmith.com

    Casey J. Olbrantz
    599 Lexington Avenue
    New York, New York 10022
    212.549.0460
    colbrantz@reedsmith.com

    Wardah A. Bari
    599 Lexington Avenue
    New York, New York 10022
    212.549.0460
    wbari@reedsmith.com

    *Attorneys for Santander UK plc*

    DATED:   4/15/2025

**BALLARD SPAHR LLP**

**By:**   */s/ Justin Kerner*
    Justin Kerner
    Ballard Spahr LLP
    700 East Gate Drive, Suite 330
    Mount Laurel, NJ 08054-0015
    Telephone: 856.761.3448
    Facsimile: 856.761.1020
    Email: kernerj@ballardspahr.com

    *Attorney for Defendant Truist Bank*

    DATED:   4/15/2025

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge
Dated: April 16, 2025

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
LARRY CHAPPELL, an individual; ERA          :
CHAPPELL & ASSOCIATES REALTY, LLC, a        :
Tennessee limited liability company,        :
                                            :
                        Plaintiffs,         :    Case No. 1:24-cv-07056 (JGLC)
                                            :
            -against-                       :
                                            :
BANK OF AMERICA, N.A., a national association;  :
J.P. MORGAN CHASE & COMPANY, N.A., a         :
national association; WELLS FARGO BANK, N.A., :
a national association; THE PNC FINANCIAL    :
SERVICES GROUP, INC., dba PNC BANK, N.A.,    :
a national association; TRUIST BANK formerly :
SUNTRUST BANK, N.A., a national association; :
and SANTANDER BANK UK, an international      :
bank,                                       :
                                            :
                        Defendants.         :
                                            :
--------------------------------------------------------------X

<u>CERTIFICATION REGARDING PROTECTIVE ORDER</u>

1.      I, _____, have been asked by counsel for the Plaintiff

/ Defendant [circle one], _____ [party name(s)], in the above-

captioned matter to review certain confidential documents or other information designated as

CONFIDENTIAL that is subject to the Stipulated Protective Order that has been or will be entered

by the United States District Court for the Southern District of New York in the above captioned

case (the "Order").

2.      My present employer is _____ and

the address of my present employer is _____. My

present occupation or job title/description is _____.

3.      I have received a copy of the Order. I have carefully read and understand its provisions.

4.      I will comply with all provisions of the Order, including, but not limited to, the following:

a.      I will not disclose any information, documents, or things designated as CONFIDENTIAL to anyone other than those persons specifically authorized by the Order;

b.      I will not use any materials designated as CONFIDENTIAL for any purpose other than the above- referenced case; and

c.      when requested to do so, I will promptly return or destroy all materials containing Confidential Material and all documents and things that I have prepared relating thereto.

5.      I will take reasonable steps to restrict access to any materials designated as CONFIDENTIAL to only those persons authorized by the Order to have such access. I will inform any of my employees or staff who encounter such material of the terms of the Order.

6.      I understand that my obligations regarding Confidential Matter under the Order apply equally to copies, summaries, excerpts, transcripts, indices, expert reports, or compilations of information *containing* Confidential Material, as well as any knowledge or information *derived from* any such information I receive during the Action.

7.      I understand that, if I violate the provisions of the Order, I will be subject to sanctions by the Court, and that the parties or third parties that designated the information as CONFIDENTIAL may assert other remedies against me.

1706.1

8.      I voluntarily submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to the enforcement of the Order, or with respect to any other order issued by the Court governing the use of confidential material.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this _____ day of _____, 20_____.


Signature:                                      _____


Printed Name:                               _____

1706.1